IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02210-LTB-KLM

TRACY HOYT,

    Plaintiff(s),

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Foreign Corporation Insurance Company, and
ELEMENTAL SECURITY, INC. LONG TERM DISABILITY PLAN, an ERISA Welfare Benefit Plan,

    Defendant(s).
_____

# ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Clarify Plaintiff's Right to Conduct Discovery** [Docket No. 14; filed February 4, 2008] (the "Motion"). The Court has reviewed the Motion, Defendant's Response [Docket No. 20; filed February 21, 2008], Plaintiff's Reply [Docket No. 21; filed March 7, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED IN PART AND DENIED IN PART**, as set forth below.

**I.    Background**

Plaintiff filed the instant action to recover long-term disability benefits to which she

1

believes she is entitled as a participant in the Elemental Security, Inc. Long Term Disability Plan ("the Plan"), the long-term disability policy provided by her former employer, Elemental Security, Inc. Plaintiff asserts that Defendants wrongfully terminated her long-term disability benefits effective November 9, 2006, on the basis of her alleged pre-existing condition of major depression. Plaintiff internally appealed the decision, which was affirmed, thereby exhausting her administrative remedies. This litigation followed.

Plaintiff filed a Motion to Clarify Plaintiff's Right to Conduct Discovery on February 4, 2008 [Docket No. 14]. Plaintiff requests leave to serve eleven interrogatories and eight requests for production of documents as well as to conduct four depositions of the individuals listed in the Scheduling Order [Docket No. 9; filed January 9, 2008] at p. 11. Plaintiff argues that this limited discovery is necessary in order to "understand the manner in which [Plaintiff's] benefit claim was administered to allow meaningful argument as to whether she was afforded a 'full and fair review' and whether Prudential's decision was arbitrary and capricious." *Motion*, pgs. 3-4. Plaintiff further argues that the information she seeks was "information that was before the administrator when it denied [Plaintiff's] claim." *Reply*, p. 2. Defendants oppose the requested discovery, arguing that it is overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence, as well as contrary to the fundamental policies governing litigation under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § *et seq.* ("ERISA").

**II.    Analysis**

The Parties appear to agree that the Defendants' denial of benefits to Plaintiff is

subject to deferential review by the district court under an arbitrary and capricious standard. Under this standard of review, a plan administrator's decision will be upheld so long as it has a reasoned basis. *Adamson v. Unum Life Insurance Co. of America,* 455 F.3d 1209, 1212 (10th Cir.2006). "Indicia of arbitrary and capricious actions include a lack of substantial evidence, a mistake of law, and bad faith." *Buchanan v. Reliance Standard Life Ins. Co.,* 5 F.Supp.2d 1172, 1180 (D. Kan.1998). The Tenth Circuit, like a majority of other courts, has held that "[i]n determining whether the plan administrator's decision was arbitrary and capricious, the district court generally may consider only the arguments and evidence before the administrator at the time it made that decision." *Sandoval v. Aetna Life & Cas. Ins. Co.,* 967 F.2d 377, 380 (10th Cir.1992). *See also Hall v. Unum Life Ins. Co. of Am.*, 300 F.3d 1197, 1201 (10th Cir. 2002); *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan,* 195 F.3d 975, 981 (7th Cir.1999); *Miller v. United Welfare Fund,* 72 F.3d 1066, 1071 (2d Cir.1995). However, it is also true that courts have allowed some discovery in ERISA actions when the plaintiff challenges the procedures used to reach a benefits decision or asserts bias on the part of the plan administrator. *See Calvert v. Firstar Finance, Inc.,* 409 F.3d 286, 293 n. 2 (6th Cir. 2005) (recognizing that bias on the part of the administrator may be grounds for allowing discovery); *Orndorf v. Paul Revere Life Ins. Co.,* 404 F.3d 510, 520 (1st Cir. 2005) (finding that "evidence outside the administrative record might be relevant to a claim of personal bias by a plan administrator"); *Stern v. El Paso Corp.*, 2007 WL 1346597, *3 (D. Colo. 2007) (recognizing that some discovery has been allowed in ERISA cases where plaintiff

3

asserts bias or challenges procedures); *Miller v. Cingular Wireless LLC*, 2007 WL 14675, *4 (N.D. Okla., January 3, 2007) (affirming an order allowing limited discovery concerning the possible existence and extent of a conflict of interest by the plan administrator); *Jeffryes v. Hartford Life and Acc. Ins. Co.*, 2006 WL 1186493, *2 (D. Colo. May 4, 2006) (allowing limited discovery into the procedure by which the administrator made its decision).

Plaintiff asserts that "the administrator considered information beyond the record it chose to produce." *Reply*, p. 2. Plaintiff further asserts that this information includes bias on the part of Dr. Gerson, Prudential's reviewing physician, and his application of the pre-existing condition limitation. *Id.* at 3. Plaintiff also argues that the Court should allow discovery outside of the administrative record because there is evidence of a conflict of interest. Specifically, Plaintiff alleges, *inter alia*, that Prudential's reviewing physician, Dr. Gerson, reviews between 200 and 250 files annually for Prudential, Dr. Gerson is paid approximately $250,000.00 per year by Prudential for those reviews, Dr. Gerson's livelihood may depend on the compensation received by Prudential, and that Dr. Gerson "coach[ed] Prudential employees on how to best deny claims" and identified one of Plaintiff's treating physicians as "uncooperative because of her refusal to violate federal laws." *Reply*, p. 7.

Like Magistrate Judge Shaffer in *Jeffryes*, 2006 WL 1186493, *2, I am not persuaded that a "blanket prohibition on discovery in ERISA cases is appropriate or required by the case law." While it would not be appropriate to permit Plaintiff to conduct

4

discovery directed to the factual merits of her claim, the Court will permit limited discovery related to the alleged bias of Dr. Gerson and the policies and procedures by which Prudential made its decision.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's **Motion to Clarify Plaintiff's Right to Conduct Discovery** [Docket No. 14; filed February 4, 2008] is **GRANTED IN PART AND DENIED IN PART** as follows:

**GRANTED** with respect to Interrogatory Nos. 1 through 10.

**DENIED** with respect to Interrogatory No. 11. This interrogatory seeks information regarding the outcomes of other litigation against Prudential involving application of the pre-existing condition limitation regarding bipolar disorder. The Court finds that this discovery would not provide information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

**GRANTED** with respect to Requests for Production Nos. 1 through 6 and No. 8.

**DENIED** with respect to Request for Production No. 7. This request seeks all court orders referenced in Interrogatory No. 11. The Court finds this discovery would not provide information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

**GRANTED** with respect to Plaintiff's request for a Rule 30(b)(6) deposition of Prudential insofar as Plaintiff seeks information related to Prudential's consideration of Plaintiff's claim, *not* past claims. *See, e.g., Caldwell v. Life Ins. Co. of N. Amer.*, 165

F.R.D. 633, 638 (D. Kan. 1996).

**DENIED** with respect to Plaintiff's other requests for depositions. *See Jeffryes*, 2006 WL 1186493, *4 (citing *Panther v. Synthes (USA)*, 371 F.Supp.2d 1267, 1275 (D. Kan. 2005) (holding that where a conflict of interest is apparent, depositions of defendant's employees to explore their thought processes would "only lead to the type of open-ended discovery that is contrary to the purposes of ERISA").

IT IS FURTHER **ORDERED** that Defendants shall provide written discovery responses consistent with this Order on or before **April 14, 2008**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: March 12, 2008